UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL CASE NO. 10-cv-182-DLB-CJS

ROBERT EDWARD SNEED                                                                  PETITIONER

v.                  **REPORT AND RECOMMENDATION**

PHILLIP PARKER, WARDEN                                           RESPONDENT
Kentucky State Penitentiary

\* \* \* \* \* \* \* \* \* \* \* \*

Petitioner Robert Edward Sneed, an inmate currently incarcerated in the Kentucky State Penitentiary in Eddyville, Kentucky, has filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Consistent with local practice, the matter has been referred to the undersigned for initial consideration and preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b). Having reviewed Petitioner's filing and finding its presentation to be untimely, it is herein recommended that the Petition be **denied.**

I.      **Preliminary Review**

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for a federal district court to conduct a preliminary review prior to serving a respondent with a copy of a petition and requiring a response. Rule 4 specifically instructs trial courts that "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Because this Court's preliminary

review reveals that the Petition is time-barred, Rule 4 mandates that the Petition be dismissed without requiring a formal response.[1]

## II.     Applicable Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner has one year in which to file a federal petition for writ of habeas corpus. *See* 28 U.S.C. § 2244(d). The AEDPA statute of limitations begins to run from the latest of four circumstances. The circumstance most often applicable is the date of final judgment of direct appeal or after the time for seeking direct appeal has passed. *See* 28 U.S.C. § 2244(d)(1)(A). In this case, Petitioner was convicted by a jury, and the Kentucky Supreme Court affirmed the conviction on direct appeal on October 12, 1995. This October 12, 1995, date of Petitioner's final judgment on direct appeal precedes the April 24, 1996, effective date of the AEDPA. In that circumstance, the limitations period begins to run on April 24, 1996, the effective date of the AEDPA, and would expire one year later on April 24, 1997. *See Austin v. Mitchell,* 200 F.3d 391, 393 (6th Cir. 1999).

But as noted, § 2244(d) provides that the limitations period begins to run from the *latest* of the four circumstances. The April 24, 1996, effective date of the AEDPA (given that Petitioner's date of final judgment of direct appeal preceded this date) is not, however, the latest circumstance in this case. The applicable circumstance here is "the date on which the factual predicate of the

---

[1] District courts are permitted to consider *sua sponte* the timeliness of a state prisoner's habeas petition, so long as a petitioner is provided notice and an opportunity to show why the limitation does not bar the petition. *See Day v. McDonough*, 547 U.S. 198 (2006). It is unclear whether notice is required for Rule 4 "screening" dismissals but the issue need not be decided given that this Report and Recommendation provides the requisite notice and allows for objections. *See Yeager v. Hudson*, No. 3:07-cv-131, 2008 WL 818788, at *10 (N.D. Ohio Mar. 24, 2008) (noting that the petitioner received notice of the petition's untimeliness through the magistrate's report and recommendation, and had the opportunity to be heard regarding objections to the recommendation).

claim or claims presented could have been discovered through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D). Under this section, the statute of limitations begins to run on the date that evidence serving as the basis of the habeas claims was discovered through the exercise of due diligence. *See DiCenzi v. Rose*, 452 F.3d 465, 469-70 (6th Cir. 2006) (noting that the limitations period begins to run when a duly diligent person would have discovered the relevant evidence). Petitioner asserts four different grounds for relief in his habeas Petition, and the underlying claim of each is that newly discovered evidence proves his innocence. (R. 1, at 4-10). Specifically, Petitioner claims that a confession by the alleged true perpetrator and hospital records showing his hospitalization during the time of the crime demonstrate his innocence. The hospital records are from 1992, and the confession is dated October 11, 2001. (R. 1-3, at 1, 4). Petitioner discovered this confession no later than October 29, 2001, as he used it as the basis for his Rule 60.02 Motion to Vacate, which was filed on this date. (R. 1-3, at 7). Therefore, pursuant to § 2244(d)(1)(D), the statute of limitations began to run no later than October 29, 2001, "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

After determining which of the four circumstances of § 2244(d)(1) provides the latest date from which the AEDPA statute of limitations begins to run, the actual running of the one-year statutory period may still be tolled by certain circumstances. Specifically, the one-year period of limitations may be tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *See* 28 U.S.C. § 2244(d)(2). Although Petitioner filed two post-conviction motions, one pursuant to Kentucky Rule of Criminal Procedure 11.42, and the other pursuant to Kentucky Rule of Civil

3

Procedure 60.02, only the Rule 60.02 motion is relevant because only it was filed after the date of the newly discovered information. (R. 1-3, at 7) (noting that the confession was dated October 11, 2001 and the Rule 60.02 motion was filed October 29, 2001). Therefore, the statute of limitations was tolled during the pendency of this motion; the motion was dismissed on February 5, 2002.² Consequently, the statute of limitations expired one year later, on February 5, 2003. This February 2003 expiration was well before the July 6, 2010, file date of the current Petition. As such, the Petition is time-barred. *See Lawrence v. Florida*, 549 U.S. 327, 330-31 (2007) (noting that upon expiration of the one-year limitations period, a federal petition can no longer be considered).

Furthermore, there is no basis for equitable tolling of the limitations period. The Sixth Circuit requires courts to determine the propriety of equitable tolling on a case-by-case basis, based upon a review of five factors: (1) petitioner's lack of notice of the filing requirement; (2) petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001). Importantly, "the petitioner bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003) (citing *Griffing v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)). The Supreme Court has held that "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

---

²Although Petitioner did not provide the dismissal date of the Rule 60.02 motion, the Oldham Circuit Court record demonstrates that an order dismissing the matter was entered on February 5, 2002.

Petitioner does not satisfy the requirements for equitable tolling here because he is unable to show he has been pursuing his rights diligently and was prevented from timely filing because of some extraordinary circumstance. The new factual information became available in October 2001, and Petitioner's use of the confession in his Rule 60.02 motion indicates that he had knowledge of this factual information years before the filing of the current Petition. (R. 1-3, at 7). Consequently, it is clear that Petitioner was not "pursuing his rights diligently" as required for equitable tolling. *See Holland*, 130 S. Ct. at 2562. Moreover, although Petitioner claims that he is not a lawyer and did not know the laws (R. 1, at 12), this explanation does not constitute an extraordinary circumstance because proper diligence would have made Petitioner aware of the appropriate manner in which to file his Petition. *See Allen v. Yukins,* 366 F.3d 396, 403 (6th Cir. 2004) (noting that ignorance of the law alone does not warrant equitable tolling). Petitioner fails to demonstrate any diligence between the 2002 dismissal of the Rule 60.02 motion and the filing of his current habeas Petition. Therefore, Petitioner is not entitled to equitable tolling, and the Petition is time-barred.

### III.    Certificate of Appealability

One final matter deserves comment. Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. A certificate of appealability may issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court has rejected a defendant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of Petitioner's § 2254 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is further recommended that a certificate of appealability be **denied** upon the District Court's entry of its final order in this matter.

**IV. Conclusion and Recommendation**

For the reasons stated herein, **IT IS RECOMMENDED** that:

(1) the Petition for Writ of Habeas Corpus (R. 1) be **denied**;

(2) this case be **dismissed** and **stricken** from the Court's docket without the necessity of requiring Respondent to file a written response; and,

(3) a Certificate of Appealability be **denied** by the District Court in conjunction with the Court's entry of its final order in this matter.

Objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of the same or further appeal is waived. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985). Poorly drafted objections, general objections or objections that require a judge's interpretation should be afforded

6

no effect and are insufficient to preserve the right of appeal. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

Dated this 20th day of August, 2010.

Signed By:
*Candace J. Smith*
United States Magistrate Judge

G:\DATA\habeas petitions\2254PrelimsSOL\10-182-DLB-Sneed2.wpd